```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**HENRY L. STEPLER,**

        Plaintiff,
  vs.                               Civil Action 2:12-cv-1209
                                                Judge Sargus
                                                Magistrate Judge King

**WARDEN, HOCKING CORRECTIONAL**
**FACILITY,** *et al.,*

        Defendants.

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATON</u>

Plaintiff, an inmate at the Hocking Correctional Facility [HCF"], brings this civil rights action under 42 U.S.C. § 1983 claiming a denial of his First Amendment rights in connection with the alleged denial of Kosher meals.  This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

Named as defendants are the warden and deputy warden of HCF, the kitchen supervisor and a member of the kitchen staff at HCF, HCF's chaplain and its institutional inspector.  As it relates to the latter defendant, the *Complaint* alleges that the institutional inspector failed to conduct an adequate investigation of plaintiff's grievance and therefore failed to correct the problems about which plaintiff complained.  *Complaint*, PAGEID # 19.  This Court concludes that the *Complaint* fails to state a claim against the institutional inspector.

An inmate has no constitutional right to an effective grievance

procedure.  *LaFlame v. Montgomery County Sheriff's Department*, 3 Fed. Appx. 346, **2 (6th Cir. January 31, 2001)("He cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure.").  *See also Israfil v. Parks*, 2010 WL 4642978, *1 (S.D. Ohio August 18, 2010).  Because it appears that the claim asserted against the defendant institutional inspector is premised on that defendant's alleged failure to properly resolve plaintiff's grievance, the Court concludes that the claim against this defendant cannot proceed.

It is therefore **RECOMMENDED** that the claim against the defendant institutional inspector be dismissed for failure to state a claim upon which relief can be granted.

It is **ORDERED** that, as it relates to the remaining defendants, the action may proceed.  Should plaintiff provide a copy of the *Complaint* and a Marshal service form for each of the remaining defendants,[1] the United States Marshal is **DIRECTED** to effect service of process on each of the remaining defendants, who shall have forty-five (45) days after service of process to respond to the *Complaint*.  Plaintiff is **ADVISED** that the claims against any defendant not served with process within 120 days will be dismissed.  *See* Fed. R. Civ. P. 4(m).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

2

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              s/Norah McCann King
                                              Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

DATE: January 2, 2013

---

[1] Plaintiff has provided a summons for each of the named defendants.