UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HENRY L. STEPTER,**

  **Plaintiff,**

v.

Case No. 2:12-CV-01209
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

**WARDEN, HOCKING CORRECTIONAL FACILITY,** *et al.*,

  **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the parties Objections (ECF Nos. 44, 47, 50) to the Magistrate Judge's June 18, 2013 Order and Report and Recommendation (ECF No. 42). The Magistrate Judge recommended, in pertinent part, that the Court grant in part and deny in party the Motion to Dismiss (ECF No. 27) of Defendants Lucas Curry ("Curry"), Victor Marshall ("Marshall"), and Tracy Grimm ("Grimm"). For the reasons that follow, the Court **OVERRULES** the parties' Objections and **ADOPTS** the June 18, 2013 Order and Report and Recommendation. Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part consistent with the Magistrate Judge's recommendations.

### I.

Plaintiff, an inmate at the Hocking Correctional Facility ("HCF") who is proceeding *pro se*, brings this action against various HCF employees. Within his Complaint, Plaintiff maintains that Defendants have violated his religious rights and interfered with his practice of the Jewish faith. Defendants Curry, Marshall, and Grimm moved for dismissal of Plaintiff's Complaint on a

variety of grounds.

Within her Order and Report and Recommendation, the Magistrate Judge evaluated Plaintiffs' claims as to each moving Defendant. As an initial matter, the Magistrate Judge determined that the Complaint raised claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Equal Protection Clause fo the Fourteenth Amendment. The Magistrate Judge then addressed Plaintiff's claims against Defendant Curry, an HCF kitchen staff member. The Magistrate Judge concluded that Plaintiff failed to state a claim under either the First Amendment or RLUIPA based on Curry's purported use of abusive anti-Semitic language. Additionally, the Magistrate Judge determined that Plaintiffs' allegations concerning Curry serving him frozen food were insufficient to state a claim. Finally, the Magistrate Judge concluded that Plaintiff should be allowed to proceed on an equal protection claim, but not on a retaliation claim, with regard to Plaintiff's assertion that Curry filed conduct reports against Plaintiff and failed to do so against other non-Jewish inmate.[1]

The Magistrate Judge also considered Plaintiff's various claims against Defendant Marshall, the chaplain at HCF. The Magistrate allowed Plaintiff to proceed under the Equal Protection Clause, First Amendment, and RLUIPA based on his contention that Defendant Marshall failed to provide him and other Jewish inmates an adequate room for prayer on a regular basis. That Magistrate Judge, however, recommended dismissal of Plaintiff's claims based on a delay in the lighting of his Menorah in 2012 as well as the purported denial of religious materials from Aleph Institute.

---

[1] The Magistrate Judge stressed that the Motion to Dismiss failed to address potential equal protection claims.

2

Finally, the Magistrate Judge examined Plaintiff's claims as to Defendant Grimm, HCF's kitchen supervisor. The Magistrate Judge concluded that Plaintiff could proceed against Defendant Grimm as to his claims that he has not received adequate kosher meals from HCF.

Both parties have objected to the Magistrate Judge's recommendations. Defendants maintain that the Magistrate Judge erred in determining that Plaintiff's Complaint raised claims under RLUIPA and the Equal Protection Clause. Plaintiff objects to the dismissal of certain claims against Defendants Curry and Marshall.

II.

A. **Objections**

"When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, such as a motion to dismiss for failure to state a claim, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made." *Myers v. Blackwell*, No. 2:12–cv–255, 2013 WL 312689, at *1 (S.D. Ohio Jan. 25, 2013) (citing 28 U.S.C. § 636(b)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

B. **Motion To Dismiss**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## C. *Pro Se* Litigants

The Court must afford *pro se* litigants liberal construction of their pleadings and filings. *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 461 F. App'x 411, 414 (6th Cir. 2012). At the same time, however, such "lenient treatment has limits" and the Court "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted). Moreover, "it is the plaintiff's job, and not the Court's, to sift through his various grievances and both to decide, and plead with some level of specificity, what claims he intends to assert against what defendants . . . ." *Mobley v. Warden London Corr. Inst.*, No. 2:09–cv–638, 2010 WL 518033, at *1 (S.D. Ohio Feb. 1, 2010).

## III.

## A. Defendants' Objections

The Court will first address Defendants' Objections. Defendants' sole contention is that Plaintiff's Complaint was not sufficiently specific to raise claims under RLUIPA and the Equal Protection Clause.

Upon review, the Court agrees with the Magistrate Judge's analysis.[2] In evaluating whether a complaint satisfies notice pleading "legal theories of recovery need not be spelled out as long as the relevant issues are sufficiently implicated in the pleadings . . . ." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 577 (6th Cir. 2004) ("[I]n considering motions pursuant to Fed. R.

---

[2] Moreover, to the extent not repeated herein, the Court adopts and incorporates the Magistrate Judge's reasoning.

4

Civ. P. 12(c), we ask not whether a complaint points to a specific statute . . . .").

Here, when applying liberal *pro se* pleading standards, Plaintiff's Complaint is sufficiently specific to raise claims under the Equal Protection Clause and RLUIPA. The Complaint makes clear that Plaintiff is seeking broad protection of his religious rights under both the United States Constitution and federal statutes. It is evident from the Complaint and factual allegations that Plaintiff is maintaining that the actions of HCF employees are hindering and disrupting the practice of his religion. The Complaint also makes clear that a component of Plaintiff's allegations is that he and other Jewish inmates are being treated worse than other religious groups. Ultimately, construing the Complaint as a whole, it provides adequate notice to implicate the Equal Protection Clause and RLUIPA.

## B.  Plaintiff's Objections

Plaintiff maintains that the Magistrate Judge erred in recommending dismissal of multiple claims against Defendants Curry and Marshall. Plaintiff specifically contends that his allegations regarding Defendant Curry's verbal abuse were sufficient to state a claim. Additionally, Plaintiff challenges the Magistrate Judge's characterization of certain events—relating to the serving of frozen food and the lighting of his Menorah—as isolated incidents.

The Court finds Plaintiff's Objections unavailing. First, despite the unprofessional nature of the conduct, the Magistrate Judge was correct in concluding that Plaintiff's allegations regarding Defendant Curry's purported verbal harassment are insufficient to state a claim under the First Amendment or RLUIPA. *See, e.g., Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) ("An inmate has no right to be free from verbal abuse . . . ."); *Mabon v. Campbell*, Nos. 98-5468, 98-5513, 2000 WL 145177, at *3 (6th Cir. Feb. 1, 2000) ("Verbal harassment in the

5

form of racial epithets is reprehensible, to say the least. Nonetheless, such harassment does not state a cognizable constitutional violation."); *Copenhaver v. James*, No. 06-11111, 2008 WL 162547, at *4 (E.D. Mich Jan. 17, 2008) ("Mere verbal harassment does not embody the type of coercive pressure which amounts to a substantial burden on religious exercise.").

Second, the Court agrees that the pleadings fail to establish claims as to certain isolated incidents. Specifically, the Magistrate Judge recommended dismissal of the claims concerning the serving of frozen food and the delay in the lighting of Plaintiff's Menorah. As the Magistrate Judge concluded, isolated incidents of the type of conduct in question do not rise to the level of First Amendment or RLUIPA violations. *Cf. Colvin v. Caruso*, 605 F.3d 282, 293–94 (6th Cir. 2010) (holding that isolated incidents of nonwillful conduct, involving the failure to serve nonkosher meals, were not sufficient to sustain an inmates constitutional claims).

Although Plaintiff maintains in cursory fashion that this conduct was repeated, Plaintiff's pleadings fail to establish—with any level of clarity or specificity—that the conduct in question went beyond isolated occurrences. Moreover, it is not the Court's duty to filter through Plaintiff's various grievances in an attempt to form a cognizable claim. Finally, the Court emphasizes that it is allowing Plaintiff to proceed on his claims of more general conduct, against Defendants Marshall and Grimm, regarding the availability of worship space and HCF's kosher meal program.

## IV.

For the foregoing reasons, the parties Objections (ECF Nos. 44, 47, 50) are **OVERRULED** and the Magistrate Judge's June 18, 2013 Order and Report and Recommendation (ECF No. 42) is **ADOPTED**. Defendants' Motion to Dismiss (ECF No. 27) is

**GRANTED** in part and **DENIED** in part consistent with the Magistrate Judge's recommendations.

**IT IS SO ORDERED.**

8-16-2013
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**