UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HENRY L. STEPLER,
    Plaintiff,

v.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
et al.,
    Defendants.

Case No. 2:12-CV-01209
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff Henry L. Stepler's objections, doc. 89, to Magistrate Judge King's July 11, 2014 report and recommendation (R&R), doc. 87. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

I.

Magistrate Judge King's R&R provided the following summary of the relevant facts and claims at issue in this case:

> At all times relevant to this action, plaintiff was incarcerated at the Hocking Correctional Facility ("HCF"). *See, e.g., Affidavit of Henry Stepler*, attached to *Plaintiff's Motion*, PAGEID#:510 - PAGEID#:511 ("*Plaintiff's 9/10/12 Affidavit*"). As an adherent of the Jewish faith, plaintiff participated in the kosher meal program at HCF. *See, e.g., Affidavit of Victor Marhsall* [sic], ¶¶ 5, 13, 16 ("*Marshall Affidavit*"), attached to *Defendants' Motion*. On January 2, 2013, plaintiff filed this civil rights action naming as defendants Tracy Grimm (HCF's former food service manager), Lucas Curry (former HCF kitchen staff member), Victor Marshall (chaplain at HCF), Samuel Tambi (HCF's warden) and Carole Upchurch (HCF's deputy warden), claiming a denial of his rights in connection with the alleged denial of kosher meals and the opportunity to observe his Jewish faith. *Complaint*. Plaintiff sues defendants in their individual and official capacities, seeking monetary damages and prospective injunctive relief. *Id.* at PAGEID#: 99, 102.

1

Doc. 87 at 1–2 (footnotes omitted). Plaintiff bases his claims on the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and on the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.

Prior to the current R&R, a previous round of R&R objections narrowed the number of Plaintiff's claims against the instant Defendants to the following: (1) an equal-protection claim against Defendant Curry for allegedly filing conduct reports against Plaintiff and failing to do so against other non-Jewish inmates; (2) an equal-protection, First Amendment, and RLUIPA claim against Defendant Marshall for allegedly failing to provide him and other Jewish inmates an adequate prayer room; (3) and a First Amendment and RLUIPA claim against Defendant Grimm, based on alleged issues with HCF's kosher-meal program. *See, e.g.*, doc. 52 at 2–3 (opinion and order adopting the Magistrate Judge's previous R&R, doc. 42).

The current R&R addressed these remaining claims. In the summary-judgment portion, Magistrate Judge King first addressed Plaintiff's remaining claims under the Free Exercise Clause against Defendants Marshall and Grimm. The R&R recommended granting Marshall and Grimm summary judgment on the basis of qualified immunity, as Plaintiff failed to show a violation of his First Amendment rights based on his kosher-meal or place-of-worship allegations. This reasoning, according to the R&R, also barred Plaintiff's claims under RLUIPA. The R&R then recommended summary judgment to Marshall and Curry on the remaining Equal Protection Clause claims, as no evidence supported an inference that Defendants acted against Plaintiff on the basis of religion. *See, e.g.*, doc. 87 at 29 ("In short, the uncontroverted evidence establishes that defendant Curry did not know inmates' religious affiliations and did not issue conduct reports to plaintiff or other inmates based on those affiliations."). Plaintiff objects to the

recommendations for summary judgment in Defendants' favor, as well as to Magistrate Judge King's denial of appointment of counsel.

## II.

The first part of the R&R denied Plaintiff's renewed motion to appoint counsel. When a party objects to a magistrate judge's non-dispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (noting the same standard). "Clearly erroneous" applies to factual findings and "contrary to law" to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The R&R only addressed an issue of law in denying Plaintiff's motion for counsel. Plaintiff objects to the decision using the same arguments he brought with his original motion. The Court finds that the denial of Plaintiff's motion to appoint counsel was not contrary to law. *See, e.g., Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (citation omitted) (internal quotation marks omitted)); doc. 87 at 3–5 (Magistrate Judge King's reasoning). Plaintiff's objection is overruled.

## III.

Plaintiff also objects to the recommendation for summary judgment in favor of Defendants Curry, Marshall, and Grimms.

### A.

If a party timely objects to an R&R, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must first identify portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing" a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248. The central issue: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52.

**B.**

Plaintiff brings six objections to the recommendation for summary judgment in Defendants' favor. The objections fall into two groups. The first concerns the alleged denial of his Free Exercise rights as they pertain to his ability to worship. Contrary to Magistrate Judge King's R&R, he contends: (1) although he was allowed to pray in his bunk space, he was never allowed to pray with other Jewish inmates at his bed area; and (2) he never refused to attend services with Orthodox Jewish prisoners, only Messianic Jewish prisoners (because they tried to convert him to Christianity). These objections do nothing to change the reality that the HCF "permitted plaintiff to practice his religion at his bunk space and provided a separate room" for him to do so "on certain occasions." Doc. 87 at 14; *see Thompson v. Kentucky*, 712 F.2d 1078, 1082 (6th Cir. 1983) ("A special chapel or place of worship need not be provided for every faith" as long as "reasonable opportunities [are] afforded to [] prisoners to exercise the[ir] religious freedom"). These objections are thus overruled.

4

The next set of objections concerns whether or not he was able to access kosher meals. He contends, again contrary to Magistrate Judge King's R&R: (1) he only received fully sealed kosher meals eight days of the year (for Passover); (2) he submits a menu (with an accompanying affidavit authenticating the menu) that purports to demonstrate violations of kosher-meal principles; (3) Magistrate Judge King misrepresented another prisoner's (David Carr) affidavit—according to Plaintiff, the affidavit demonstrates that the other prisoner was in fact not happy with the kosher services at HCF; and (4) Defendants have failed to produce receipts proving that they served pre-packaged kosher meals at HCF. Magistrate Judge King cites record evidence to demonstrate that the remaining Defendant on this count (Grimm) tried to accommodate Plaintiff's kosher-meal needs. *See, e.g.*, doc. 97 at 16. Neither Plaintiff's pleadings nor his current objections contend that any of Grimm's alleged kosher-meal mistakes were willful. Consistent with the doctrine of qualified immunity, his objections are thus overruled. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (affirming qualified immunity to prison employees based on "the lack of any evidence indicating deliberate violations of [the facility's] kosher-meal program").

## IV.

For the reasons stated, Plaintiff's objections, doc. 89, are **OVERRULED**. The R&R, doc. 87, denying Plaintiff's motion for summary judgment, doc. 65, and granting Defendants' motion for summary judgment, doc. 75, is **ADOPTED**.

**IT IS SO ORDERED.**

8-21-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5